IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLAUDIO CONEJO, et al.,

      Plaintiffs,

vs.                                         Case No. 14-1424-JTM

COLEMAN CABLE, L.L.C., a Delaware
Corporation,

      Defendant.

MEMORANDUM AND ORDER

This is an action arising from a fire in the plaintiffs' Dodge City, Kansas residence, which they attribute to an extension cord manufactured by the defendant Coleman Cable. According to the motion, while "[d]iscovery shows that Coleman Cable, LLC distributed the subject extension cord and had cords in the Dodge City area," nevertheless dismissal is appropriate at this time "due to scheduling issues with the plaintiffs' experts." (Dkt. 84, at 3). Coleman opposes the motion, arguing that the case should either be dismissed with prejudice, or permit dismissal with prejudice only if plaintiffs pay the Coleman's reasonable attorney fees in defending the present action to date. The court finds notable the plaintiffs' failure to make any reply to the serious matters set forth in the defendant's response.

That response, which carefully distinguishes between the conduct of plaintiffs' lead

counsel from New Jersey and the conduct of local Kansas counsel, demonstrates that the eleventh hour dismissal sought by plaintiffs was not the result of any simple scheduling difficulty. The court concludes that the representation in plaintiffs' motion (Dkt. 84, at 2-3) that the dismissal is required because plaintiff's experts have "scheduling conflicts" or have expressed "some reservations about moving foward" on "the current scheduling timeline" is inaccurate. These representations fail to do justice to counsel's duty of candor to the court.

In fact, plaintiff's experts have completely refused to further participate in the case, terminating their relationship with Callagy LLC, the lead counsel. And in giving notice of termination, both experts have clearly indicated that their action was not prompted by temporary scheduling difficulties, but by a lack of professional attention to the case which has lasted for two years.

On February 29, 2016, plaintiff's experts Judd Clayton and Michael Schulz wrote two separate but essentially identical letters to Callagy. Each served "notice of my immediate withdrawal as a consulting expert." (Def. Exh. I). "During the course of the ... litigation," they wrote, "your firm repeatedly has engaged in conduct, whether intentional or not, which has hampered and restricted my ability to further my investigation, evaluation and analysis." (*Id*.) Clayton and Schulz wrote that the Callagy firm had prevented them from performing necessary metalurgical tests "despite the fact that we ... had collectively requested the same for nearly two years." Even as of the writing of the termination letter, each wrote, and after receiving notice of his deposition, "I still have not received relevant

discovery materials from your office, again after repeated requests for the same." (*Id.*)

Clayton sent a copy of his letter to the court. The court received this communication on March 4, 2016, and there is every reason to conclude that the same letter was received by plaintiffs' lead counsel in New Jersey by the same time. It is apparent that the Callagy law firm did not keep its local counsel apprised of the experts' termination. As of March 7, 2016, Kansas counsel was still attempting to contact Clayton to confirm his deposition for later that month.

There are substantial grounds for concluding that the motion to dismiss is a device to avoid a summary judgment motion by Coleman. As noted above, plaintiffs assert that discovery has indicated that the cord in question was sold by Coleman in the Dodge City area. However, the Coleman sales record cited by plaintiffs indicates that these cords were sold to Motion Industries, an industrial supply house which does not sell to the general retail public.

Plaintiff Claudio Conejo has testified he does not know where he bought the extension cord, but that it was either Walmart or Home Depot. The sales document cited by plaintiff shows no sales of the relevant model cords to Walmart or Home Depot.

Otherwise, according to defendants, plaintiffs have conducted no discovery directed at Coleman, other than requested documents and issuing a short set of interrogatories.

As noted earlier, despite the defendant's explicitly observing this failure of proof in their response, the plaintiffs have filed no reply supplying such evidence.

The plaintiffs' motion references the Kansas Savings Statute, K.S.A. 60-518, in the

context of arguing that a dismissal without prejudice would permit the filing of a new action against Coleman once they are able "to resolve all issues with the experts." (Dkt. 84, at 4). However, nowhere in their motion do the plaintiffs reference the relevant standard under which the court reviews requests to dismiss.

The court has discretion under Fed.R.Civ.Pr. 41(a)(2) to grant dismissal without prejudice, so long as the opposing party suffers no legal prejudice. *See Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). The court may deny a voluntary dismissal which prejudices the defendant, or may permit such dismissal only with conditions. *See Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996). The court looks to factors including (1) the defendant's effort and expense in preparing for trial, (2) unjustified delays and lack of diligence on the part of the plaintiff, (3) lack of justification for the dismissal, and (4) the state of the litigation. *See County of Santa Fe, New Mexico v. Public Service Co. of New Mexico*, 311 F.3d 1031, 1048 (10th Cir. 2002).

The plaintiff's motion was filed after years of litigation, just before the termination of discovery in the case, and in the face of an almost certain motion for summary judgment by defendant Coleman. The request for voluntary dismissal was not the product of any scheduling conflicts by the experts, but by the failure of plaintiff's counsel to pursue the action zealously. Plaintiffs have supplied no legitimate rationale for dismissal, or for a refiling which would permit plaintiffs' lead counsel to evade the consequences of their own neglect, and this court's discovery requirements and to obtain different experts in successive litigation.

In light of the foregoing the court will dismiss the present action without prejudice, should the plaintiffs serve notice to the court, on or before May 31, 2016, of their agreement to pay the reasonable attorney fees incurred to date by the defendant's counsel. Absent such notice, the court will dismiss the action with prejudice.

IT IS ACCORDINGLY ORDERED this 16th day of May, 2016, that the plaintiff's Motion to Dismiss (Dkt. 83) is denied for the reasons provided herein.

                                                                                                                         s/ J. Thomas Marten  
                                                             J. THOMAS MARTEN, JUDGE