IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLAUDIO CONEJO, et al.,

      Plaintiffs,

vs.                              Case No. 14-1424-JTM

COLEMAN CABLE, L.L.C., a Delaware
Corporation,

      Defendant.

MEMORANDUM AND ORDER

This matter is before the court on plaintiffs' Motion for Reconsideration, which is directed at the court's Order of May 16, 2016 (Dkt. 87), in which the court indicated that it would grant the plaintiffs' motion seeking dismissal of the action without prejudice if plaintiffs agreed to pay the reasonable attorney fees incurred by the defendant. Otherwise, the court indicated, the action would be dismissed with prejudice.

A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence. Such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which

it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

The court finds no basis for reconsideration. Plaintiffs' claim that there is no authority for the allowance of a dismissal without prejudice only upon stipulated conditions (here, the payment of attorney fees) is incorrect. As the court noted in its earlier decision, a court may deny a voluntary dismissal which prejudices the defendant, or may permit such dismissal only with conditions. *See Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996). *See also Mortg. Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 301 n. 5 (5th Cir. 1990) (where plaintiff refuses the court's conditions for dismissal under Rule 41(a)(2), "the court may convert the dismissal into a dismissal with prejudice"); *Conley v. Dickson*, 2006 WL 3241114, *1 (D. Kan. Nov. 7, 2006) (granting Rule 41(a) dismissal with conditions, including payment of defendant's fees, and providing that if the plaintiff were to "refile this case and fail to meet any of the conditions set forth above, the court shall, upon defendant's motion, convert this dismissal into a dismissal with prejudice").

Here, Coleman has suffered substantial prejudice in the form of defending an action which, over the course of several years, has not been prosecuted actively by plaintiffs' New Jersey counsel. As noted in the court's earlier order, the defendant has incurred substantial

effort and expense in preparing for trial, the delay on the part of the opposing party was not justified, dismissal was sought only after considerable time and progress of the action towards trial, and no substantial justification was proffered for the dismissal.

The lack of diligence in the prosecution of the action by New Jersey Counsel is further demonstrated in their belated response to defendant's explicit request for outright dismissal with prejudice. The relevant factors, the defendant wrote in its March 28, 2106 opposition to plaintiff's motion, "taken as a whole ... **strongly suggest that a dismissal should be with prejudice**." (Dkt. 86, at 10) (emphasis in original). The defendant again explicitly asked for dismissal with prejudice at the conclusion of its pleading. (Id. at 13).

Notwithstanding this explicit request, plaintiffs filed no reply arguing against dismissal with prejudice. They belatedly acted only after the Court's Order of May 16, 2016, which provided the plaintiffs with the opportunity to obtain dismissal without prejudice only upon curing the prejudice to the defendant.

The only alternative to the court's May 16, 2016 Order is even less favorable to the plaintiffs. The case has proceeded on the plaintiffs' representation that they would establish causation through the expert testimony of Michael Schulz, who personally investigated the scene of the fire and collected physical evidence. As noted in the court's prior Order, Schulz has indicated that he will not participate any further in the action due the lack of diligence of counsel for the plaintiff. Lacking any expert witnesses and without any independent justification for delay of the trial, plaintiffs's claims would be subject to dismissal by summary judgment.

The court's previous Order stipulated that "the court will dismiss the present action without prejudice, should the plaintiffs serve notice to the court, on or before May 31, 2016, of their agreement to pay the reasonable attorney fees incurred to date by the defendant's counsel." (Dkt. 87, at 5). The court finds this requirement satisfied by the representation of the plaintiffs in their Notice of May 31, 2016 that they "inten[d] to pay the reasonable attorneys fees of Defendant to have the case dismissed without prejudice." (Dkt. 90 at 2).[1]

IT IS ACCORDINGLY ORDERED this 29th day of July, 2016, that the plaintiff's Motion to Reconsider (Dkt. 88) is denied for the reasons provided herein. The present action is hereby dismissed without prejudice.

   s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

---

[1] The court deferred ruling on the Motion for Reconsideration based on the representation in the same Notice that the parties "were currently engaged in settlement negotiations." (Dkt. 90, at 2). The defendant has informed the court that these negotiations have not continued.